IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**WADE ALAN WILLARD, JR.**                                                         **PLAINTIFF**

v.                                                                                                                                 No. 4:20CV182-DAS

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**                             **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Wade Alan Willard, Jr., who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the Mississippi Department of Corrections has improperly calculated his sentence. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

The plaintiff alleges that, from 2014 to 2016 he was on post-release supervision by the Mississippi Department of Corrections. He believes that the time he spent under supervision should count towards service of his sentence, which would lead to an earlier release.

***Heck***

The plaintiff's allegations in this case, if proved, would affect the length of his sentence; as such, his claims cannot be resolved through a complaint under 42 U.S.C. § 1983. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court clarified the relationship between actions under 42 U.S.C. § 1983 and *habeas corpus* proceedings – holding that there is no requirement of "exhaustion" of *habeas corpus* remedies in order to proceed on a claim

under § 1983. Rather, a § 1983 claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the case at hand, the plaintiff's success in his claim against the defendant would necessarily draw into question the validity of his conviction or length of his sentence. Therefore, the plaintiff must "demonstrate that the conviction or sentence has already been invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue. Plaintiff has made no such showing; as such, this case will be dismissed for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915(d) as it is based upon a meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## Conclusion

For the reasons set forth above, the instant case must be dismissed for failure to state a claim upon which relief could be granted – but without prejudice to his ability to seek *habeas corpus* relief under 28 U.S.C. § 2241. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 25th day of June, 2021.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE